## MILLER *et al.* v. TAYLOR *et al.*

*Supreme Court of Colorado, December Term, 1881—Appeal from the District Court of Lake County.)*

1. MINING CLAIM—WORK PRELIMINARY TO LOCATION—PARTY FORCIBLY PREVENTING CANNOT BE HEARD TO DENY. The rule that he who prevents a thing from being done shall not avail himself of its non-performance, is but an application of the general principle that the law permits no person to profit by his own wrong. A party who, by force, prevents a prospector from sinking his "discovery shaft" to the depth of ten feet, making the boundary, etc., will not be permitted to allege a non-performance occasioned by his own illegal conduct. A complaint which alleges forcible ejectment from a mining claim while the proprietor was proceeding to do this preliminary work, is good on demurrer.

2. IMPROVEMENTS BY TRESPASSERS. In such case there is no valid objection to the adoption by the prospector of the surveys, etc., made by the party ousting him.

3. EVIDENCE—TESTIMONY TAKEN BEFORE REFEREE. The rule that a decree or judgment will not be disturbed unless manifestly against the

42

weight of evidence, does not obtain where the testimony is taken before a referee. The opportunity to judge of the credibility of witnesses by their appearance on the stand and their general manner of testifying, which supplies the reason for the rule, not being afforded, the rule ceases with the reason for it. In such case, it becomes the duty of the Supreme Court to examine the entire record, sift and weigh the evidence with a view to a just determination, uninfluenced by the proposition that the Court below had superior opportunities to judge of the credibility of witnesses.

ELBERT, C. J. This action was brought under the provisions of Sec. 10, Chap. XLVIII, General Laws. By that section the District Court is clothed with power to issue "writs of injunction for affirmative relief, having the force and effect of a writ of restitution, restoring any person or persons to the possession of any mining property or premises from which he or they may have been ousted by fraud, force or violence, or from which he or they are kept out of possession by threats or by words or actions which have a natural tendency to excite fear or apprehension of danger, or whenever such possession was taken from him or them by entry of the adverse party on Sunday or a legal holiday, or while the party in possession was temporarily absent therefrom." General Laws, 510.

The plaintiffs, by their complaint, asked to be restored to the occupancy and possession of the "Venture lode," of which they allege the defendants had dispossessed them by fraud, force and violence, and by threats of shooting and killing.

A demurrer, interposed by the defendants to the complaint, was overruled by the Court, and this is assigned as error.

In support of this assignment it is urged that the complainant does not show a compliance with the statutes respecting the location, marking and recording of mining claims.

(1.) That it does not allege that a discovery shaft was sunk upon the lode "to the depth of at least ten feet from the lowest part of the rim of such shaft at the surface."

(2.) That it does not allege that the surface boundaries were marked by the locators as required by law.

It is an elementary principle that the law permits no person to profit by his own wrong.

The rule that he who prevents a thing being done shall not avail himself of the non-performance he has thus occasioned, is but an application of the general principle. Broom's Leg. Max., 279, 282.

The complaint alleges that on or about the 29th day of April, 1879, that certain of the plaintiffs entered upon the premises described, "explored the same and discovered the outcrop and apex of a body of mineral-bearing rock in place, and thereupon proceeded to sink a discovery shaft to a depth of ten feet below the lowest part of the vein at the surface, thereby to remove, disclose and expose a well-defined vein of mineral in rock in place, which was not previously known to exist, the same being a gold and silver bearing vein, and other precious metals.

"That thereupon, and upon said day, they posted at said point of discovery, a plain sign or notice, containing the name of the lode, to wit: 'The Venture lode,' the names of the locators, to wit: Alexander McArthur, James T. Rawlings, Sidney Goldsborough, and Louis C. Goldsborough, and the date of discovery, to wit: April 29th, A. D. 1879.

"That on the 20th day of May, A. D. 1879, as they were proceeding to and actually sinking their discovery shaft to a depth of ten feet from the lowest part of the rim at the surface, they having sunk the same at that time to the depth of seven feet, the said defendant, aided and assisted by one Charles Stanton, who represented himself as a deputy sheriff and authorized by law to eject said locators, he and said plaintiffs being aided and abetted by others whose names are unknown to plaintiffs, and all being heavily armed with revolvers, did by fraud, force and violence, and by threats to shoot said locators should they refuse to cease working on said discovery shaft, oust and drive them from said discovery shaft, and have ever since by threat to shoot and kill said locators and said plaintiff, M. J. Forham, prevent and intimidate them from entering upon said premises or further sinking their discovery shaft on said premises.

"That by threats of shooting and killing said locators for entering upon said premises, the said defendants prevented and deterred said McArthur, James T. Rawlings, Lewis C. Goldsborough, and Sidney Goldsborough from entering in or upon said premises for the purpose of marking the surface boundaries of said Venture lode with six substantial posts *as required* by law."

The demurrer admitted the truth of these allegations, and they sufficiently explain why the shaft was not sunk the statutory depth, and the boundaries marked as required by law.

Having ousted the plaintiffs of their possession before the expiration of the time within which these statutory requirements were to be complied with, and having prevented a compliance by threats to shoot and kill, the law would be weak indeed, did it permit them to allege a non-performance, occasioned by their own illegal conduct.

The same considerations apply to the objections made to the certificate of location.

The complaint alleges: "That after ousting said locators, the said defendants, in the absence of said locators, fraudulently and by force and violence proceeded to sink a discovering shaft on said premises, and marked the surface boundaries of said Venture lode by six substantial posts, hewed on the sides in towards the claim, and sunk in the ground, one at each corner and one at the centre of each line, each stake being marked and indicating the position it occupied and the place it marked on the boundary of said claim; and while said locators were prevented from surveying said boundaries or otherwise marking them, by the threats and violence of said defendants and their employees, said defendants did cause to be made out and recorded in the office of the clerk and recorder of deeds of said Lake county, a location certificate of said 'The Venture lode,' containing the name of the lode, to wit: 'The Venture,' the names of the pretended locators, to wit: Amos G. Miller, Hart Sherwood, Milton Charles, and L. G. Smith, the date of their supposed discovery, the date of their supposed location, etc.

"That thereupon, and as soon as it was possible for them so to do, the said Alexander McArthur, James T. Rawlings, Sidney Goldsborough, and Lewis C. Goldsborough, accepted and adopted the marking of the boundaries of said claim so by defendants made, and the description by them in the certificate of location so inserted and filed in the office of the recorder of deeds of said Lake county, a location certificate for said 'The Venture lode,' containing the name of the lode, to wit: 'The Venture;' the names of the locators, to wit: Alexander McArthur, James T. Rawlings, Sidney Goldsborough, and Lewis C. Goldsborough; the date of discovery, to wit: April 29, 1879; date of location, to wit: the 1st day of July, A. D. 1879, and the number of feet in length claimed on each side of the discovery shaft; and the said The Venture lode was when thus located and

marked, of the following size and dimensions, to wit: 1,500 feet in length by 300 feet in breadth."

We see no good reason why the plaintiffs might not under the circumstances adopt the survey and marking of the lode by the defendants as their own.

However this may be, it is enough that whatever infirmity attaches to the certificate of location, grew out of the illegal conduct of the defendants, and they are precluded from urging it.

The demurrer was properly overruled.

The second and third assignments resolve themselves into the proposition that the findings and decree of the Court below are not warranted by the evidence.

The testimony in this case was taken before a referee, and the rule that a decree or judgment will not be disturbed unless manifestly against the weight of evidence, does not obtain.

The opportunity which the jury or *nisi prius* Court, where the trial is to the Court, has to judge of the credibility of witnesses by their appearance on the stand, and the general manner of testifying, supplies the reason for the rule.

Where the testimony of witnesses is taken before a master or referee, no such opportunity is afforded, and the rule ceases with the reason for it.

It becomes our duty in such cases to examine the entire record, sift and weigh all the evidence with a view to a just determination, uninfluenced by the proposition that the Court below had superior opportunities to judge of the credibility of witnesses. *Jackson et ux.* v. *Allen,* 4 Colo., 268.

As is usual in cases of this character, there is much conflict of testimony. This conflict chiefly concerns the disposition made of the mining claims called the "Venture" and "Immense" lodes on the 29th of April, 1879.

The answer of the defendants concedes that prior to that date the two claims named were held by McArthur, Rawlings, Sidney Goldsborough and L. C. Goldsborough, Miller and Sherwood, in common, each owning an undivided one-sixth interest. Upon the 29th of April defendants allege an exchange upon the part of Miller and Sherwood of their interest in the Immense lode, for the interest of McArthur, Rawlings and S. and L. C. Goldsborough in the Venture lode.

Having conceded the original interest of the plaintffs named, it was for the defendants to show the alleged exchange by a preponderance of testimony. This they have failed to do; on the other hand, we think there is a clear preponderance of evidence in favor of the claim made by the plaintiffs, that, at the date named, the agreement was that the plaintiffs should do the assessment work on the Immense, and the defendants the assessment work on the Venture.

Again, the admitted facts of the case show that the Venture lode was much the more valuable lode of the two, and so known and thought to be, by reason of assays at the date of the alleged exchange. The theory of the defendants, therefore, is not a little embarrassed by the improbability which attaches to it. It is possible that the plaintiffs exchanged a four-sixth interest in a valuable mine for a two-sixth interest in one much less valuable, but scarcely probable; such an unequal transaction would need explanation. The explanation offered by the defendants is, that the assessment work had been done on the Immense lode, at the date of the exchange. This is not supported by the record. So far as we have been able to ascertain, but little work had been done at the date of the alleged exchange.

A careful examination of the record leads us to believe that the decree of the Court below is supported by the weight of evidence, and did substantial justice between the parties.

It is therefore affirmed.

*White & Mullahay*, for appellants.
*H. C. Dillon* and *M. J. Forham*, for appellees.