## H. A. YOUNG & CO. v. JAMES H. LYNCH.

ATTACHMENT, *Not Maintained.* The eleventh subdivision of § 190 of the civil code authorizes an attachment "when the debtor has failed to pay the price or value of any article or thing delivered, which by contract he was bound to pay upon delivery." *Held,* That under this subdivision of said § 190 there must not only be a contract between the parties that the property delivered shall be paid for on delivery, but the understanding and intention of the vendor that the property shall be so paid for on delivery must continue down to the time when the property is actually delivered, or attachment cannot be maintained; that even where the original contract provides that the property shall be paid for on delivery, still if the terms of such contract are modified or waived by the vendor, and he delivers the property to the vendee, not expecting or intending at the time of the delivery that the property shall be paid for on delivery, an attachment cannot be maintained under said subdivision of § 190.

### Error from Riley District Court.

ACTION by *H. A. Young & Co.* against *Lynch,* to recover upon an account. December 20, 1882, the district court made an order discharging an attachment obtained by the plaintiffs in the foregoing action, which order they bring here to be reviewed. The opinion states the facts.

*Green & Hessin,* for plaintiffs in error.

*Spilman & Brown,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by H. A. Young & Co. against James H. Lynch, for the recovery of $1,030.95 "upon an account stated between said plaintiffs and defendant on September 1, 1882, and upon an account for lumber furnished since that date to the said James H. Lynch under contract for the furnishing of the lumber included in the whole of said claim." As to how much of the plaintiffs' claim was upon the "account stated," and as to how much was upon the account for lumber furnished afterward, the record does not show. At the time of the commencement of the action, the plaintiffs filed an affidavit for an order of attachment, upon the ground "that said defendant has failed to pay the price and value of the said articles and things delivered, which by said contract he was bound to pay upon delivery." Afterward, the defendant moved to discharge the attachment upon the grounds, (1) of the insufficiency of the affidavit upon which the order of attachment was issued; (2) the insufficiency of the service of the order of attachment; and (3) "because the ground for attachment stated in said affidavit was and is not true;" and at the same time the defendant filed an affidavit stating "that it is not true that on the 16th day of November, 1882, or at any other time before or after that time, he has or had failed to pay the price or value of any article or thing delivered to him by said plaintiffs, which by contract he was bound to pay upon delivery." The defendant's motion was heard by the district court, upon the affidavits of H. A. Young and N. Ewing on the part of the plaintiffs, and James H. Lynch on the part of the defendant. The district court sustained the motion and discharged the attachment, and this order the plaintiffs below now seek to have reversed in this court.

The plaintiffs in error claim that their attachment was based upon the eleventh subdivision of § 190 of the civil code. This subdivision authorizes an attachment "when a debtor

has failed to pay the price or value of any article or thing delivered, which by contract he was bound to pay upon delivery."

In Young's affidavit it is alleged that the plaintiffs, by previous agreement, furnished lumber to the defendant, to be used in the construction of a certain building for the regents of the Kansas state agricultural college, and "that by the terms of said agreement the said lumber was to be paid for and the money was due upon delivery of said lumber and material; that for the convenience of said James H. Lynch, the said H. A. Young & Co. waited upon the said Lynch for a part of their pay until an estimate could be made upon the work of James H. Lynch by the architect in charge of said building." The affidavit does not show the amount which the defendant owed the plaintiff, the amount for which they postponed the payment, or the amount for which they did not postpone the payment.

The affidavit of N. Ewing alleges "that by the terms of said agreement the said lumber was to be paid for on delivery;" but it does not state anything with reference to amounts or values.

The defendant's affidavit is as follows:

"I am the defendant in this suit. In the year 1881 I obtained the contract for doing the carpenter work on the Kansas state agricultural college building, which included the furnishing of material. As soon as the contract was awarded to me, I went to H. A. Young, one of the plaintiffs, and also the other lumber dealers in Manhattan, and asked them to give me the figures at which they would sell me lumber, such as I wanted for the college contract. I told Mr. Young and the others that under my contract I would get my pay on monthly estimates made by the architect; that 20 per cent. of each estimate would be retained by the board of regents of the college until my work was completed, and that I would pay for the lumber I should buy when I received my pay, as the estimate was made. Mr. Young afterward gave to me a statement in writing of the prices he would sell me lumber. I afterward told Mr. Young that I would buy my lumber from him at the prices he had named in his statement. I

did not then, nor ever at any time, agree to pay for said lumber upon its delivery to me. All the lumber got from Mr. Young was delivered to me at his lumber yard. I usually went to the yard and selected such lumber as I wanted, and took teams with me to haul it away. I got lumber there during the remainder of the year 1881, and until August or September, 1882. Mr. H. A. Young was generally there. As often as once a month he rendered me statements of account for lumber, sometimes handing them to me when I was at the yard getting lumber, and sometimes sending them to me through the post office. I paid to Mr. Young from time to time various sums on account for the lumber, as I received money on monthly estimates of work done under my contract. Mr. Young never at any time asked me to pay for any lumber before delivering the same to me, or at the time of delivery, but always let me have the lumber and received pay therefor as upon a running account."

It will be seen that with reference to what the contract originally was, there is a conflict in the evidence; but with reference to the other facts, there seems to be no substantial conflict; and there is nothing in the record to show upon what ground the court below discharged the attachment. It may have been upon the ground of defective papers ; or it may have been upon the ground that the evidence introduced on the hearing did not prove the ground set forth in the plaintiffs' affidavit for the attachment; or it may have been upon all the grounds set forth in the defendant's motion. The plaintiffs, however, desire that this court shall decide whether their case comes within the eleventh subdivision of § 190 of the civil code, above referred to, or not ; and therefore, passing over all other questions, we shall decide this one single question.

Now for the purposes of the case, we shall assume, without deciding the same, that the original contract between the parties was just as the plaintiffs claim that it was—that is, that the lumber purchased by the defendant from the plaintiffs was to be paid for on delivery. But assuming this, we must still assume that the other facts set forth in the defendant's affidavit are true; for there was really no denial of their truth.

We must assume that during the years 1881 and 1882 the defendant went at various times to the lumber yard of the plaintiffs, and took teams with him to haul the lumber away; that the plaintiff Young himself usually delivered it to the defendant; that he never demanded at any one of such times payment for the lumber as it was delivered, but at various times, and as often as once a month, rendered statements of the amount due from the defendant to the plaintiffs, sometimes handing them to the defendant, and sometimes sending them through the post office; and that the defendant at various times during the years 1881 and 1882 paid various sums for the lumber, as monthly estimates were made with regard to the work which he was doing on the college building; and that the parties, at the time of the delivery of the lumber, never acted as though it was the understanding between them that the lumber should be paid for at the time of the delivery. Of course both parties knew for what purpose the lumber was purchased — that it was to be used in the erection of a college building — and that a large amount would be required for that purpose; and whatever may have been the original contract, there was certainly no understanding or intention on the part of either party at the time of the delivery of the lumber that the lumber should be paid for at the time of its delivery. Assuming this to be true, then, if the original contract was as the plaintiffs claim that it was, it was evidently modified, or its strict terms waived, by the subsequent dealings and understandings of the parties. With this view of the case, the plaintiffs' attachment proceedings do not come within the provisions of the eleventh subdivision of section 190 of the civil code; for in order to come within such provisions, there should not only be a contract between the parties that the property should be paid for on delivery, but the understanding and intention of the vendor that the property should be so paid for on delivery should continue down to the time when the property was actually delivered.

Now we think it is pretty clear from the evidence in the case that there was no such understanding or intention on

14—30 KAS.

the part of the vendors in this case, at the time of the delivery, that the property should be paid for on delivery; and therefore their attachment proceedings do not come within the provisions of the eleventh subdivision of § 190 of the civil code; and therefore the court below rightfully discharged the attachment. The order and judgment of the district court discharging the attachment will be affirmed.

All the Justices concurring.