Kimball et al., Appellants, v. Lyon, Appellee.

1. Findings by Referee.

Where a cause is tried before a referee having authority to hear and decide the whole issue, his findings of fact upon oral and documentary evidence are entitled to the same consideration as the verdict of a jury, or the findings of the court based upon like evidence produced in open court.

2. Objections to Pleadings.

The practice of stating causes of action in general terms, like the common counts, is not favored by the code; but objections to such mode of pleading should be taken, if at all, by special demurrer or motion; they will not be entertained when raised for the first time on appeal or error.

3. Attachment for Debt not Due.

Under certain circumstances a writ of attachment may issue upon a debt or liability not due as well as upon claims that are due; but where neither the complaint nor the affidavit of attachment states that the action includes a claim not due, the recovery may properly be restricted to such claims as are due.

*Appeal from the District Court of Arapahoe County.*

Action for stone and rock sold and delivered, and for work and labor done. Findings and judgment for plaintiff. Defendants appeal. Plaintiff also assigns cross-errors.

Messrs. Carpenter and McBird, for appellants.

Mr. Willis Stidger and Mr. N. M. Laws, for appellee.

Mr. Justice Elliott delivered the opinion of the court.

1. The trial of the issues in this action required the examination of long accounts. The cause was accordingly referred to William H. Bryant, Esq., an attorney of the court, "to take testimony herein and report the same, together with his findings of fact and conclusions of law thereon." This was equivalent to a reference, with directions to the referee to

hear and decide the whole issue.    Code, chap. 16, §§ 204, 209, 212.

The cause was tried upon the testimony of witnesses examined orally before the referee, as well as upon books of account and other documentary evidence.    The referee having heard and observed the witnesses, and having authority to decide the whole issue, his findings of fact are entitled to the same consideration as the verdict of a jury or the findings of the court based upon oral and written evidence produced in open court.

In certain cases where the trial court has rendered its decree upon the report of a master or referee, this court has held that it must, upon appeal, examine and weigh all the evidence for the purpose of determining the issues of fact as well as the law and equity of the case, according to its own judgment.    But an examination of the record discloses that those cases stand upon a different footing from the present case, and that they are not in conflict with the views expressed in this opinion.    For example : The case of *Jackson v. Allen*, 4 Colo. 263, was commenced and tried under the old equity practice, the testimony being taken and reported by a master, without any findings or conclusions whatever. In *Miller v. Taylor*, 6 Colo. 41, and also in *Sieber v. Frink*, 7 Colo. 148, the referee was directed to take and report the testimony, but no findings or conclusions, either of law or of fact, were required of him.

The present code, in respect to references of the kind under consideration, provides as follows :

" The findings of the referee upon the whole issue shall stand as the finding of the court, and upon filing the same with the clerk, judgment shall be entered thereon in the same manner as if the action had been tried by the court, unless objected to by either party by filing a motion for a new trial as hereinafter provided.    When the referee is to report the facts, the finding shall have the effect of a special verdict." See § 212.

From the foregoing it is clear that we are not required on

this appeal to sift and weigh the evidence, as in cases where the testimony is taken and reported without findings of fact; but that the review is to be confined to specific objections and exceptions, as in cases of ordinary trials before the court or jury upon oral and written evidence.

2. In their printed brief counsel for appellants contend that the complaint does not state facts sufficient to constitute a cause of action. But there is no assignment of error to that effect; nor does it appear that any such objection was interposed in the trial court. The complaint states the different causes of action in general terms, much like the *common counts* for goods sold and delivered, and for work done and performed. Such mode of pleading is not favored by the code; but objections thereto should be taken, if at all, by special demurrer, or by motion for a copy of the account sued on, or for a bill of particulars; they will not be entertained when raised for the first time on appeal or error. Code, §§ 50, 63; See *Campbell v. Shiland*, 14 Colo. 491; also, *Mulock v. Wilson*, recently decided by this court.

The referee deducted $500 from appellee's claim on account of unmerchantable stone. Counsel for appellants claim that this allowance was not enough. Counsel for appellee claim that no allowance whatever should have been made. The testimony upon this point is conflicting. But considering the referee's superior opportunity for weighing the evidence, we cannot undertake to revise his conclusions as to the amount of unmerchantable stone.

Appellants' claim for overcharges of stone delivered stands upon similar testimony. They claim that they were overcharged $1,134.76. This was reduced by items amounting to nearly $300. The referee allowed something over $400 in favor of appellants. We cannot say this allowance was not warranted by the evidence.

Under the contract appellants were to pay on the 10th of each month for all stone *delivered and sold*, and 50 per cent of the contract price for stone delivered and remaining *unsold*. As the evidence does not show the amount of stone delivered

and sold, nor the amount remaining unsold, it is contended that there is not sufficient *data* upon which to determine the amount due to appellee when this suit was commenced. But it appears that the referee was able to determine with reasonable certainty the amount of stone delivered; and so the amount sold as well as the amount remaining unsold could easily have been shown by appellants if they had correctly kept the accounts. Even if the burden of proving the amount sold and the amount unsold devolved upon appellee—a point we do not decide—the testimony of Mr. Kimball, one of appellants, was that at the end of the month of March " we took an invoice to show how much of the Lyon stone was on hand *unsold.* * * * At the end of no other month was any effort made to arrive at the amount of Lyon stone on hand. * * * We abandoned the contract and failed to keep accurate accounts at end of each month because it was a very difficult thing to do. We were receiving all kinds of stone and selling a good deal, and our force was limited. From the first month the stone was so mixed that it was impossible to say with accuracy how much of the Lyon stone remained at the end of any month." Considering the evidence and the *status* in which the parties had placed themselves, the referee was justified in holding that appellee was entitled to recover for all the stone delivered up to the first of August.

3. Appellee, under his assignment of cross-errors, complains that he was not allowed to recover for stone delivered on and after August 1, 1889. His claim for August business was disallowed on the ground that it was not due when this action was commenced. Appellants were not required to settle and pay for August deliveries until the 10th of September following. This suit was brought August 17th. It is urged, however, that under the Code, § 94, appellee might recover for August, for the reason that he had commenced his suit by attachment, and had alleged causes of attachment entitling him to recover upon debts or liabilities not yet due. The referee held that inasmuch as neither the complaint nor the

affidavit of attachment stated that the suit was brought for a debt or liability not yet due, appellee's recovery should be restricted to such claims as were due. This was not an unreasonable construction of the pleadings. Perhaps by amendment appellee might have been permitted to include the August transactions in his recovery; but the pleadings were not amended in this respect.

It is unnecessary to notice further in detail the matters complained of by the parties respectively. Upon careful consideration we are of the opinion that the trial court did not err in approving, as a whole, the findings of the referee. His report shows that he sat for twenty-one days in the trial of this cause; he took and reported a large volume of testimony; and his summing up shows that he gave patient and careful attention to the evidence and the law applicable thereto under the issues. Notwithstanding the assignments and cross-assignments of error, we are not able to say that any error affecting the substantial rights of the parties was committed by the referee. On the contrary, his findings appear to do substantial justice between the parties as to all matters in controversy prior to August 1, 1889. Their transactions since that time are not affected by this adjudication. The judgment of the district court is affirmed.

*Affirmed.*