MORRIS, APPELLANT, v. EVERLY ET AL., APPELLEES.

1. APPELLATE PRACTICE.

When the record fails to show any objection or exception to the admission of certain testimony at the trial, the appellant will be held to have waived his right to predicate error thereon.

2. ATTACHMENTS.

An attachment under the eleventh subdivision of sec. 92, Code of 1887, cannot be sustained when it appears that a credit, however short, was given for the payment of the work or labor.

*Appeal from the District Court of Jefferson County.*

THIS is an action to recover a balance of an account for services rendered. The plaintiffs, as partners, allege that from the 15th day of April, 1888, to the 12th day of June, 1889, they performed labor, at the request of defendant, in hauling logs, lumber, etc., and in moving a mill and boiler and in working in and about the sawmill of defendant to the amount of $2,797.08. That they received on account thereof at different times credits and payments amounting in the aggregate to $1,818.33. At the commencement of the action a writ of attachment was sued out upon an affidavit averring that the action was upon an express contract for the payment of money, and that the indebtedness accrued for work and labor done and services rendered that should have been paid for upon the completion of such work, labor and services.

The defendant denied the indebtedness and traversed the

averments in the affidavit for attachment. The cause was referred to William H. Whitehead as referee, to hear and determine the issues of fact and law. The issues in the main case and traverse of the attachment were tried together. The referee found a judgment in favor of plaintiffs for the sum of $708.16, and sustained the attachment. The court affirmed the findings and judgment of the referee and entered judgment accordingly. The defendant brings this appeal.

Mr. ENOS MILES, for appellant.

Mr. WM. A. DIER, for appellees.

MR. JUSTICE GODDARD delivered the opinion of the court.

The defendant relies for a reversal of the judgment in the main case principally upon the ground that the findings of the referee were not sustained by the evidence, and also predicates error upon the admission of certain testimony; and relies for a reversal of the judgment upon the attachment issue upon the ground that the evidence fails to sustain the ground of attachment.

The hearing before the referee involved the investigation of a long account. Numerous witnesses testified before him, and, while there is a conflict of evidence between the parties as to the amount both of the charges for services performed and the amount of credits made, there is evidence to sustain the finding of the referee, and, therefore, under the well established rule, we cannot disturb such finding and must accept the same as conclusive on this appeal. *Kimball v. Lyon,* *ante,* 266.

The error based upon the admission of evidence is that the referee permitted the plaintiffs to refresh their memories from certain entries made in their books. The books themselves were not admissible in evidence as books of original entry. We think this objection is not well taken. The plaintiff Everly testified : " My testimony as to amounts is based on memory and also from my memoranda." Bradford's evidence

was to the same effect. The memoranda referred to were entries made by the plaintiffs of measurements given them by the defendant's agent, who scaled and measured the logs hauled. These entries were made from day to day and week to week as the work progressed. We are not prepared to say that under the circumstances of this case this evidence was improperly admitted; but, if it may be said that it was, the appellant has waived his right to predicate error thereon, because the record fails to show that any objection was interposed or exception taken to its admission at the time.

We think, upon examination of the entire record, that no such prejudicial error intervened as would justify a reversal of the judgment in the main case. The error assigned upon the ruling of the referee in sustaining the attachment is well taken. In support of this issue on their part the plaintiffs testified as follows: (Plaintiff Everly:) "The arrangement we had with defendant was that we were to have our pay each month for what we did the month before; about the tenth of each month, we were to be settled with for the even calendar month before—tenth of each month was his pay day."

Bradford testifies: "As to time of payment he was to pay us the 10th of every month; for instance on July 10 he was to pay us from June 1 to July 10; he said tenth was his pay day."

Upon this evidence it is clear that by express agreement the services rendered were not to be paid for upon completion, but a credit was to be given. But appellee contends that defendant himself supplied the evidence sufficient to sustain this ground of attachment. He testified as follows:

"There was no agreement with anybody that I should pay farther than I could sell lumber.

"There was no agreement whereby I should pay them monthly or anything of the kind; they were to have money when they wanted it, as they went along. There was no agreement when they were to be paid. They knew how I was paying others."

It is insisted that this testimony brings the case within the

doctrine announced in *De Lappe v. Sullivan*, 7 Colo. 182, wherein it is said:

"Where, by contract, one is employed by another to work by the day or month, and nothing is said as to the time of payment for the services to be rendered, his wages are due and may be demanded at the close of each day or month, as the case may be. We think such services are comprehended within the meaning of the statute relied on, and that, after demand for the amount due, the laborer may maintain his attachment proceeding."

The facts in that case were that plaintiff worked by the day. There was no stipulation for the payment of wages, but they were paid from time to time as plaintiffs needed the money and made demand therefor. In holding that the attachment was properly sustained upon such a state of facts the court certainly applied a most liberal rule of construction to the attachment act, and the rule, as announced, ought not to control except in a case resting upon similar facts. In the case at bar the facts are essentially different. The plaintiffs were not employed by the day or month, but were engaged in hauling logs to the sawmill of defendant, from different places and different distances, and the price to be paid for each lot was specifically agreed upon and was regulated by the distance of the haul. The services, therefore, that they contracted to render were performed when the hauling of each particular lot of logs was completed. There is no pretense that either under an express or implied contract each lot was to be paid for at that time. The services rendered upon which a right to recover in this case was predicated extended through a period of fourteen months. During that entire time no settlement was had, or payment in full for services then rendered demanded. But, on the other hand, credits were given from time to time amounting in the aggregate to upwards of $1,800, $700 of which was paid in cash, and the balance of the credit account consisted of feed furnished by the defendant for plaintiffs' teams, board for

plaintiffs and their hired help, and goods, wares and merchandise furnished them on the order of defendant.

It further appears in evidence that the first part of the work done was to pay for teams bought from one Greenhow and paid for by defendant; and the whole transaction shows a mutual account between the parties, consisting of debits and credits, and upon which no final settlement was ever had.

We are clearly of the opinion that the transaction does not come within either the letter or the spirit of the clause of the attachment act relied on.   This clause is analogous in intent and purpose with the clause which provides, as a cause for attachment, the failure to pay for the price or value of an article delivered, which should have been paid for upon delivery; and the same conditions are necessary to sustain an attachment under it as are required in cases arising under that clause.   Wade on Attachment, § 100, lays down such conditions as follows:

" (1) The thing must have been delivered.   (In this case, labor performed.)   (2) There must have been no credit given.   (3) And the contract to pay on delivery (performance) must be unconditional.   If there has been a credit of ever so short a time beyond the delivery; or if the payment depends upon any condition whatever, as a demand, the contract does not come within the operation of the statute." *Young v. Lynch*, 30 Kan. 205; *St. Louis T. F. Co. v. Union P. & P. Co.*, 3 Mo. Ct. App. 142.

We think it clear, from the evidence in the case, that there was no such agreement or understanding, either express or implied, that the labor performed should be paid for upon completion, as would bring plaintiffs' cause within the provisions of the clause of the attachment act relied on.   The judgment against appellant for the balance of account and costs in the main action is therefore affirmed, and the judgment sustaining the attachment is reversed and attachment dismissed, and costs of attachment proceeding assessed against appellees, neither party to recover costs against the other in this court.

*Modified.*