Wilson, J.,
delivered the opinion of the court.
Appellant was the assignee in an assignment for the benefit of creditors. The estate of the insolvent, which was administered, amounted in value to about $5,000. Upon final report of the assignee being made to the district court, numerous objections were filed thereto by the creditors. These, and the issues created thereby, were referred to a referee for determination. The referee made numerous findings of fact, and in summing up, found that the assignee should be charged with the sum of $850, in addition to the amount which he had admitted by his report to have on hand. Numerous exceptions were taken to this report by the assignee. Upon hearing, the court modified the findings of the referee in some instances, and entered judgment that the assignee pay into court for the benefit of the creditors, $585 in addition to the amount which he admitted to be due by him. Prom this the assignee appeals.
Neither the deed of assignment nor the original order appointing a referee and defining his powers are contained in the record or in the bill of exceptions. By reason of this fact, this court will be precluded from considering a number of assignments of error which are based upon these missing instruments. Under the well-settled rule that a presumption exists in favor of the regularity of the proceedings of district courts and of their findings and judgments until the contrary affirmatively appears, it will be presumed that the referee acted within the scope of his powers, and that the findings and judgment of the court were proper and right in so far as they depended upon the deed of assignment, and upon the order of reference. German National Bank v. Elwood, 16 Colo. 244; Andrews v. Carlile, 20 Colo. 372; White v. The People, 8 Colo. App. 292.
It is complained that the court erred in taxing the costs against the assignee. The judgment of the court was that the costs of reference be divided equally between the assignee and the creditors. The proceedings under the objections to *159 the assignee’s report and on the reference were in the nature of a suit, and under the usual rule, the losing party, which was in this instance the assignee, could have been adjudged to pay all the costs. That the court taxed half of the costs of the proceedings against the creditors is not a matter of which he can complain.
The only remaining matters which we are entitled to consider are questions of fact as to various items embraced in the assignee’s report, and upon which findings were made by the referee. Under the provision of the code, section 212, the findings of a referee upon the whole issue stand as the findings of a court, and upon filing the same with the clerk judgment may be entered thereon in the same manner as if the action had been tried by the court, unless objected to as specially provided. It has been frequently held by this court, and also by the supreme court, that the findings of a referee as to their conclusive effect in an appellate court, stand as a verdict of a jury or the findings of a court. Crater v. McCormick, 4 Colo. 196; Kimball v. Lyon, 19 Colo. 266; Groth v. Kersting, 4 Colo. App. 395. Where, therefore, these findings are supported by the evidence and are not manifestly against the weight of the evidence, they will not be disturbed by an appellate court. Applying this rule to the disputed questions of fact in this case, the findings of the referee as modified and affirmed by the district court must be upheld. They were not only not manifestly against the weight of the evidence, but there was evidence to support them.
For these reasons, the judgment will be affirmed.

Affirmed.