[No. 3775.]

Noble v. Faull.

26  467
18a 495

1. Appellate Practice—Findings of Referee.

Where a referee hears evidence and makes findings of fact thereon and his findings are approved by the trial court the findings are entitled to the same weight and are just as binding on the appellate court as the verdict of a jury or findings of the trial court made upon oral testimony. Such findings of a referee, when based upon conflicting evidence, will not be interfered with upon appeal if there is legal evidence to sustain them, unless it appears that the referee or the trial court was governed by bias or prejudice or influenced by passion.

2. Partnership Settlement—Fraud—Evidence.

In order to set aside a partnership settlement between two partners on the ground that the settlement was obtained by fraud and deceit practiced by one partner upon the other, the evidence of the fraud and deceit must be clear and satisfactory.

3. Same.

In an action to set aside a partnership settlement on the ground that it was procured by fraud and deceit practiced by one partner upon the other, the finding of a referee as to the cost of a partnership building alleged by plaintiff to have cost less than was fraudulently represented by defendant in making the settlement, will not be set aside because the referee admitted expert evidence as to the cost, whether or not such evidence was erroneous, where part of the expert evidence was given by defendant's witnesses in response to questions by his counsel, and where other testimony was sufficient to sustain the finding.

4. Same.

In an action to set aside a partnership settlement on the ground that it was procured by fraud and deceit practiced by defendant upon plaintiff, the defendant cannot object to the finding of the referee and decree of the court because it is based upon books of account that were carelessly and inaccurately kept when the books were kept exclusively under defendant's direction.

5. Partnership Settlement—Decree—Uncertainty.

A decree setting aside a partnership settlement on the ground that it was procured by fraud and directing defendant to pay to plaintiff within a certain time, a certain amount found to be due plaintiff on settlement, and further directs the receiver to proceed to wind up the business by selling the partnership property and after paying certain items named, then out of the remaining proceeds of the

sale to pay the judgment of plaintiff against defendant, is not in-
valid because of uncertainty or because it directs the payment of
plaintiff twice.   The decree when read in its entirety means that in
default of defendant's payment to plaintiff as directed, then, and
in that event-only, the receiver should pay the judgment out of the
proceeds of the sale of the firm property.

6. SAME.

In an action by one partner against another to set aside a partnership
settlement and to dissolve the partnership, the defendant cannot
object to a decree on the ground that it directs the payment of a
judgment in favor of plaintiff against defendant out of the partner-
ship funds when it should be paid by defendant alone since if any
one should suffer by such uncertainty it would be the plaintiff.

### *Appeal from the District Court of Arapahoe County.*

THE parties to this action in the year 1892 formed a co-
partnership to carry on the general merchandising business
in the town of Lafayette, Boulder county, Colorado.   Sub-
sequently its scope was enlarged to include the purchase of
certain real estate and the construction and repair of build-
ings thereon, the purchase and improvement of a cemetery
lot, and the development of a mining claim.   In July, 1895,
the partners had an accounting of the firm affairs, struck a
balance, and made a settlement upon the basis then agreed
upon.

This action was brought by Faull, the appellee, for a dis-
solution of the copartnership, the appointment of a receiver
pending suit, and for an accounting from the inception of
the partnership, and asked for a decree in accordance with
its result which, it was alleged, would show a large sum due
plaintiff.   After alleging the matters already stated, the com-
plaint avers that the settlement above mentioned was made
and acquiesced in by plaintiff, relying upon the integrity of
the defendant, who had complete charge of the firm business,
and under a misapprehension of the true state of facts, which
was due to defendant's fraudulent acts.   Plaintiff alleges
the fact to be that defendant so falsified the accounts and so
misrepresented the actual state of affairs in settling the co-

partnership as to deceive the plaintiff into making the settlement greatly to his damage.

It is further stated that the defendant drew from the co-partnership large sums of money, collected for the partnership other sums, and took from the firm assets goods and merchandise, and used them in his own individual interests, and has not accounted therefor.

An answer was filed by defendant denying the alleged fraudulent acts charged against him, and upon the issues so joined the court referred the matter to a referee to take testimony and therefrom to make and report findings of fact. Proceeding under the order the referee took a large mass of evidence and made his report to the court in which, *inter alia*, he found that the defendant was indebted, and should pay, to the plaintiff, in order to equalize the partnership account between them, the sum of $3,577.14. As the statute in that behalf required, the clerk at once notified the parties and their attorneys of the filing of the report, and no objections or motion for a new trial having been filed in the court within the time prescribed by the code, the court approved the findings of fact made by the referee, and made them the findings of the court, and entered a decree thereupon dissolving the copartnership and ordering the defendant to pay the plaintiff within five days the sum found to be due the plaintiff; " and that in default of such payment that execution issue therefor, and that the receiver heretofore appointed herein be, and he is hereby authorized * * * to close up the affairs of the said firm of Noble & Faull and his receivership; and in order to do so he shall sell at public auction upon thirty days' public notice * * * and within sixty days from the date of this decree, all of the property both real and personal belonging to said firm of Noble & Faull. * * * That he report said sale or sales to this court. * * * That out of the proceeds of such sale he shall first pay all debts of his receivership, and second, all debts of Noble & Faull existing at the time of his appointment as receiver, and third, the judgment of plaintiff against defendant herein, including

costs, and the remainder, if any, shall be divided equally between plaintiff and defendant."

Mr. A. B. SEAMAN and Mr. LUCIUS WEINSCHENK, for appellant.

Messrs. DOUD & FOWLER, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The defendant has appealed from this decree assigning a large number of errors. The abstract of the record consists of 318 printed pages, to which there is an appendix in fine type of thirty pages containing numerous statements of accounts and various exhibits produced at the trial. It should be stated that counsel now appearing for appellant did not participate in the hearing before the referee, and have come into the case only since it has reached this court. We are admonished by them that we will get very little light from a reading of this abstract, which was made, as they say, principally because it seemed to be required by the rules. Nevertheless, we are asked to make a cursory examination of it in order that we may see for ourselves that the objections made by them in argument are borne out by the record.

We have examined the abstract with sufficient thoroughness to satisfy ourselves that the findings of the referee and the decree of the court are sustained by the evidence. In our discussion, we shall limit ourselves to the matters argued by appellant, and give no consideration whatever to the many other alleged errors which counsel have specified in their assignment, but not argued to the court.

1. It is insisted that this court shall sift and weigh the evidence to ascertain whether the decree is justified by it; because, without hearing any testimony or seeing the witnesses, the district court's approval of the referee's report does not give to the findings the weight that attaches to the

verdict of a jury, or the finding of a court made upon oral testimony to which it has listened. To this are cited *Jackson v. Allen*, 4 Colo. 263, *Miller v. Taylor*, 6 Colo. 41, *Sieber v. Frink*, 7 Colo. 148, *Stockgrowers' Bank v. Newton*, 13 Colo. 245, and *Bates v. Wilson*, 14 Colo. 140.

In these cases it appears that the referee merely took the testimony and reported it to the court without findings. In the case at bar, the referee not only took the testimony, but in accordance with the order of appointment, and in pursuance of section 212 of the code of 1887, made findings of fact which, by that section, have the effect of a special verdict. In *Kimball v. Lyon*, 19 Colo. 266, which counsel themselves have called to our attention, it was held that when the referee reports the facts and has heard and observed the witnesses, as he did in the case at bar, his findings are entitled to the same consideration as the verdict of a jury or the findings of a court based upon oral and written evidence produced in open court. In the opinion the distinction is drawn between the effect of findings so made and approved by the trial court, and findings made by the court in the first instance and upon evidence reported by the referee without findings of fact. In line with the *Kimball* case is *Morris v. Everly*, 19 Colo. 529.

The rule established by them, applicable to this case, is that the review in the appellate court is to be confined to the specific objections and exceptions, as in cases of ordinary trial before the court or jury upon oral and written evidence, and that findings made as they were here are entitled to the same weight as the verdict of a jury, and will not be interfered with, if based on conflicting evidence, if there is legal evidence to sustain them; or unless it should appear from the whole record that, in weighing the testimony, the referee or the district court was governed by bias or prejudice, or influenced by passion, none of which latter exceptions are claimed by the appellant to exist.

2. The first specific objection to the decree is that since the copartners made a settlement of their account, it cannot

be set aside unless the impeaching evidence is so satisfactory and clear as to leave no doubt in the mind of the court that its incorrectness has been established. Unquestionably, the evidence to an issue of this kind should be clear and satisfactory. If this rule be applied we are satisfied that the evidence of fraudulent conduct on the part of the appellant meets the test so as to warrant the finding that the charges of fraud in the complaint were proved.

3. Complaint is made that the referee, over defendant's objection, heard evidence of experts as to the cost of a building which the parties erected. The point is that one member of a copartnership is not liable to the other for a mistake of judgment in the conduct of the joint business, and that it is quite immaterial how much the building ought to have cost, but the only question is, how much did defendant pay for its construction?

This contention, however, is quite irrelevant, for the charge in the complaint is that the appellant (the defendant below) falsely reported to the appellee the cost of this building, and that the appellee relying, as he had a right to, upon the integrity of the appellant, made the settlement upon that basis. The referee doubtless heard testimony of its cost upon the ground that it tended to establish the charge of fraud.

However this may be, we are not required, under the facts of this case, to determine whether admitting this class of testimony was, or was not, erroneous, because some of the expert testimony to which the appellant now objects, was given by his own witnesses and elicited in response to questions by his own counsel. In addition to this, there is the testimony of a witness produced by the plaintiff who testifies that, from the books of the copartnership and various other data furnished by the appellant Noble, this witness and Noble estimated the cost of the building, upon which the referee, in part at least, based his findings with reference to this item of account, and upon the testimony of this witness alone the finding may be sustained.

4. It is urged that the books of account were so inaccu-

rately kept that their value as evidence is so untrustworthy that the decree, or any part thereof, or any of the findings based upon them, must fall. It must be confessed that they were very badly kept. But this defect is due to the appellant himself, for he, and those whom he employed and who acted under his direction, were responsible for it, and no blame can attach to the appellee by reason of the loose method of evidencing the business done by the firm. If any one is in a position to complain on account of this carelessness, it appears clear to us that it was the appellee, and not appellant, for he is the one who has suffered from it.

But our examination of the testimony has extended far enough to satisfy us that the findings, even in so far as they depend upon these loosely kept books, are not without support, and they have behind them direct or strongly circumstantial, independent and corroborating evidence. Having made a careful examination of the abstract to see if there were support for those items in the findings which, in argument, counsel for appellant attacked, we are satisfied that they should not be set aside, and we do not feel called upon, as already stated, to go over any other portion of the findings of the referee for any purpose whatever.

Counsel have indulged in vigorous declamation as to the uncertainty and doubt which must attend any expert bookkeeper in the investigation of this complicated account, and there may be, and probably is, some truth in the assertion that no two would exactly agree in striking a balance. Even a cursory examination of the record will show that the referee made a patient and exhaustive study of the evidence, and that his clear and comprehensive report and summary of the various contentions of the parties and the evidence produced by them and his conclusions therefrom furnish a complete answer to the objections argued by counsel. We are satisfied that substantial justice has been done by these findings, and under the well established rule in this court our course is clear, requiring us to affirm the decree resting upon them.

5. The last specific objection is that the decree is indefinite

and uncertain. The points made are that the decree in the first part orders that the defendant shall pay to the plaintiff within five days the amount which the referee finds that he owes, and that the latter part of the decree directs the receiver to proceed to wind up the business, to sell the property of the firm, and, after the payment of certain items, then out of the remaining proceeds of the sale to pay the judgment of plaintiff against the defendant. It is said that by this decree the plaintiff is to be paid twice; first by the defendant himself, and then by the receiver out of the funds of the co-partnership.

It is further said that the decree is indefinite in this, that it requires the receiver to pay to the plaintiff out of the firm property a debt which has been adjudged to be the debt of the defendant alone; and to do this would be unjust to the plaintiff because it would virtually be directing that one half of the defendant's individual debt should be paid by the plaintiff himself. A sufficient reply to this is that the defendant cannot complain, and if any one should suffer by such uncertainty, it is the plaintiff, and he is not objecting.

We think, however, that these objections are not tenable. The decree should be read in its entirety; and its plain meaning is that, if the defendant does not within the five days pay the specified amount, then, in default thereof, and in that event only, shall the receiver pay the judgment out of the proceeds of the sale of the firm property. And it is plain that the direction to the receiver, in view of the contingency provided for, is that he shall so pay this judgment in favor of plaintiff against the defendant as that the same shall come out of the share of the assets belonging to the defendant.

The decree should be affirmed, and it is so ordered.

*Affirmed.*