[No. 2264.]

JOHNSON v. JOHNSON.

1.  **Partnership—Accounting—New Trial—New Evidence.**

In an action by one partner against another for an accounting a new trial will not be granted on the ground of newly discovered evidence where the fact for which the new trial is asked is that the partner in whose favor judgment was rendered has since the trial sold certain of the partnership property.

2.  **Partnership—Accounting—Evidence—Harmless Error.**

In an action for an accounting between two partners where a vast number of exhibits were introduced before the referee by both parties, the judgment of the court will not be reversed for refusing to strike out certain exhibits, even though they were incompetent, where the findings of the referee were warranted by other documentary and oral testimony introduced at the hearing.

3.  **Appellate Practice—Referees—Findings.**

The findings of a referee upon conflicting evidence are entitled to the same consideration in the appellate court as the verdict of a jury or findings of the trial court.

*Error to the District Court of Arapahoe County.*

Mr. E. W. NORLIN, for plaintiff in error.

Mr. SAMUEL W. JOHNSON, for defendant in error.

MAXWELL, J.

The parties to this action were brothers who, for a number of years, were engaged in the dairy business as partners in the city of Denver. Theodore, the plaintiff in error, commenced a suit for an accounting against Olof, the defendant in error. By consent of the parties the matter was referred to a referee to "proceed according to law, and report his findings." The referee found that the plaintiff was indebted to the defendant in the sum of $441.91 upon the accounting. Upon the report and findings of the referee the district court rendered judgment in favor of the defendant and against the plaintiff for said sum. A motion for a new trial was interposed, which was overruled, and judgment rendered as above. Plaintiff sues out this writ of error.

Numerous errors are assigned, but we will only consider those which have been presented in the printed brief, and upon the oral argument.

First. It is urged that the court erred in refusing to grant the motion for a new trial on the ground of newly discovered evidence. The motion *inter alia* states "that since the trial of said cause before the referee herein, the defendant has sold one horse belonging to the said copartnership, worth $150.00." In support of the motion for a new trial the plaintiff filed his affidavit, which alleges, among other things, "that said horse was included in the accounting between these parties as the assets of the firm." Admitting the allegations of the affidavit to be true, it cannot be made the basis of a motion for a new trial as, from the very nature of the case, such testimony could not have been produced at the trial, as the fact complained of did not exist at that time.

Second. It is urged that the court erred in refusing to strike out exhibits Nos. 21 and 22, introduced at the trial by the defendant. These exhibits seem to be *copies* made by the defendant of certain

books, accounts, receipts and other papers relative to the partnership business, and may not have been competent evidence of the matters therein contained. It appears, however, that a vast number of exhibits were introduced by both the plaintiff and the defendant at the hearing before the referee, consisting of vouchers, receipts, accounts and other documentary evidence, tending to show the condition of the account between the parties. And while there may have been error committed by the court in refusing to strike out the exhibits above referred to, such error was not prejudicial to the plaintiff, as the findings of the referee were warranted by the other documentary evidence and oral testimony introduced at the hearing.

Third. It is strenuously urged by plaintiff in error that this court should sift and weigh the testimony in the case for the purpose of determining whether or not the findings of the referee are supported by the testimony introduced at the hearing.

"The cause was tried upon the testimony of witnesses examined orally before the referee, as well as upon books of account and other documentary evidence. The referee having heard and observed the witnesses and having authority to decide the whole issue, his findings of fact are entitled to the same consideration as the verdict of a jury or the findings of the court based upon oral and written evidence produced in open court."—*Kimball v. Lyon*, 19 Colo. 266; *Noble v. Faull*, 26 Colo. 467.

From the foregoing it will appear that it is not incumbent upon this court to sift and weigh the evidence for the purpose of determining, if possible, whether or not different conclusions or findings might have been arrived at by the referee. However, suffice it to say that we have examined the record in this case with sufficient particularity to enable us to conclude that there is sufficient testimony

in support of the findings of the referee to warrant the same and to justify the judgment rendered by the district court.

For the reasons above assigned, the judgment will be affirmed.                    *Affirmed.*