GROTH ET AL. v. KERSTING ET AL.

PARTNERSHIP—DISTRIBUTION OF ASSETS.

The distribution of assets upon the dissolution of a copartnership is usually made in this order: 1st, to the payment of debts and liabilities due third persons; 2nd, repaying to each partner his advances; 3rd, repaying to each partner his capital; and, 4th, division of the balance as profits. This order, however, may be altered by agreement of the parties.

*Error to the Court of Appeals.*

Messrs. ROGERS & STAIR, Mr. H. M. ORAHOOD and Mr. F. A. WILLIAMS, for plaintiffs in error.

Mr. T. J. O'DONNELL and Mr. W. S. DECKER, for defendants in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

### ON REHEARING.

THE defendants in error, Fritz Kersting and August Wilmsmeier, commenced suit against plaintiffs in error, Louis Groth and Ferdinand B. Becker. This action was numbered 13,115 in the district court. The complaint in the suit as originally instituted contained two causes of action. The first, which was directed against the defendant Groth alone, is an action by two partners against the third member of the firm for an accounting. The second cause of action was against both of the defendants upon an account stated. At the time of the institution of this suit, an attachment was issued in aid thereof, and sustained upon final hearing. To the original complaint a demurrer was interposed and sustained. Thereafter the complaint was amended and the first cause dropped therefrom.

This first cause of action was subsequently made the basis of an independent suit, designated in the district court as No. 13,900. After the issues were joined in the two causes, they were consolidated, and referred to I. E. Barnum, as referee, to take testimony and report findings. As a result of the proceedings had before the referee, the plaintiffs in both cases were successful. Exceptions to the report were in due time filed, and overruled by the court. In accordance with the findings of the referee, the district court rendered judgment for the plaintiffs for the sum of $8,751.54, against both defendants, and an individual judgment against Groth alone for the sum of $1,936.70. From this judgment a writ of error was sued out from the court of appeals, in which court the judgment of the district court was in all things affirmed. See *Groth v. Kersting*, 4 Court of Appeals Reports, 395. From this latter judgment the cause is brought here by error.

It is claimed that the referee's report, which formed the basis of the decree in the district court, as well as that of the court of appeals, is manifestly erroneous, in that it fails to

provide for the repayment to each partner of his contribution to the business. Undoubtedly, the usual order of distribution of the assets of a copartnership upon dissolution is as stated by counsel, to wit:

1st. Payment of the debts or liabilities due third persons.

2d. Repaying to each partner his advances.

3d. Repaying to each partner his capital.

4th. Division of the balance as profits.

While this is the usual order, it may be altered by agreement of the parties, and in this case we think, from the evidence and the conditions under which the copartnership was formed and the firm business transacted, the referee correctly determined that the amount contributed by the several partners was to be considered as assets of the firm, and to be distributed accordingly.

In accordance with the terms of the agreement, Kersting and Wilmsmeier were to devote their time and attention to the joint enterprise, and contribute only $3,650.50, while Groth contributed $8,000, although he had but a one third interest in the business. This disproportionate amount was, we think, put in by Groth against the lease theretofore secured by Kersting & Co., and as an offset to their labor and services in the management of the business, with the further benefit to Groth resulting from an agreement to furnish brick for his building contracts at a lower price than they could be purchased for in the market. So we conclude that it was not error for the referee to treat these several items as assets of the copartnership, to be divided between the partners according to their interest in the copartnership, without regard to the ratio of the original contributions.

Among the credits allowed Kersting & Co. is one for hauling brick. It is claimed that in this there is error, because the bricks were hauled by teams belonging to the copartnership. We do not so understand the evidence. On the contrary, the referee gave credit only for the money paid to others for hauling. Mr. Kersting says: "Brick hauling, $1,242.40,—that is, teams which hauled bricks, and we paid them for hauling."

In the complaint it is alleged that the profits of the brick business were $9,731.68, for which the firm of Kersting & Co. is accountable, while the net profits of the business, as found by the referee, were only $7,828.60. It is urged that this is in violation of the rule binding parties by the allegations of their pleadings. This is not so, for the reason that this allegation of the complaint is denied by the answer and evidence was taken upon the issue thus made. The referee found that the price charged for brick by Kersting & Co. was too high, and reduced the amount, thereby reducing the firm profits correspondingly. There was no error in this, but Kersting & Co. were improperly allowed, as part of the expenses of the business paid by them, the sum of $3,650.50, this being the value of the lease, horses, wagons, tools, brick, etc., contributed to the firm by Kersting and Wilmsmeier at the inception of the enterprise. The contribution to the firm, under the findings of the referee, became joint property, or firm assets, and neither party should have been given credit for either of the amounts in the final settlement, except as the same may result from a division of the firm assets.

The referee acted upon this rule, so far as Groth is concerned, but adopted a different rule as to Kersting and Wilmsmeier. This was not called to the attention of the court in any of the briefs filed or oral arguments heard prior to writing the first opinion, but was first mentioned in the petition for rehearing; but the error is manifest, and the correction will now be made. With this change the account may be stated as follows:

### KERSTING & WILMSMEIER IN ACCOUNT WITH KERSTING & Co.

| | |
|---|---|
| To collections for firm | $68,805.64 |
| By expenses paid for the firm | 63,716.37 |
| Balance due | $ 5,089.27 |

### FIRM ASSETS.

| | |
|---|---|
| Due from Groth & Becker | $ 8,751,54 |
| Due from Kersting & Wilmsmeier, as above | 5,089.27 |
| Due from Louis Groth | 8,000.00 |
| Total | $21,840.81 |

| Of this amount Kersting & Wilmsmeier are entitled to two thirds . . . . . . . . . | $14,560.54 |
|---|---|
| Less their indebtedness to the firm, as above . . | 5,089.27 |
| Balance due Kersting & Wilmsmeier . . . . . | $ 9,471.27 |

Kersting & Wilmsmeier are entitled to judgment for the amount due them, viz., $9,471.27.

It is now conceded that Groth & Becker and Louis Groth may properly be considered as one and the same party, so far as the settlement of this business is concerned. We will, therefore, not interfere with the judgment rendered against Groth & Becker for $8,751.54; but will correct the error by reducing the judgment against Groth from $1,936.70 to $719.73. The judgment of the court of appeals against Groth & Becker will, therefore, be affirmed, and the judgment against Groth reduced to $719.73, the costs in this court to be equally divided between the parties. The cause will be remanded to the court of appeals for further proceedings in accordance with this opinion.

*Judgment modified.*