No. 18,305.

BAKER METROPOLITAN WATER AND SANITATION DISTRICT *v.*
BRAULIO BACA, ET AL.
(331 P. [2d] 511)

Decided November 10, 1958.

Messrs. HACKENTHAL & McNEIL, Mr. SHELDON SILVER-
MAN, for plaintiff in error.

Mr. CHARLES S. VIGIL, for defendants in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

WE will refer to plaintiff in error as the District and
to the defendants in error as they appeared in the trial
court where they were defendants. This was a suit in
condemnation brought to obtain a four and a half acre
truck farm for the construction of a water treatment
plant. There is no issue raised as to the taking. The de-
fendants and the District failing to agree upon a price
for the land, the cause was tried before a jury on the
question only of market value of the property taken. To
the verdict of the jury awarding to the defendants the
sum of $18,480, upon which judgment was entered, the
District brings the cause here for review.

Points of error urged are: 1. That the verdict herein
rendered is contrary to the evidence and as a result of
prejudice, and inadvertance or mistake; 2. that it was
error to allow one of the witnesses for the defendant,
Lucile Fields, to testify as to the market value of the
property as she was not properly qualified to render an
opinion; 3. that the procedure during the trial and im-
proper remarks of the defendants were prejudicial to
plaintiffs.

Taking up first the question of whether the
witness Lucile Fields should have been allowed to testi-
fy, we are persuaded that she should have been disquali-
fied by the court to express an opinion as to the value of
the land involved. Nevertheless we do not believe her
testimony was prejudicial or in any manner influenced
the jury. She was a daughter of the defendants. Both of
the defendants, joint owners of the property, had testi-

fied that in their opinion their property was worth $50,000. It is settled law that an owner may testify as to his own estimate of the value of his own land. *Loloff v. Sterling,* 31 Colo. 102, 71 Pac. 1113; *Wassenich v. Denver,* 67 Colo. 456, 186 Pac. 533; *Universal Ins. Co. v. Arrigo,* 96 Colo. 531, 44 P. (2d) 1020; *Baltimore Ins. Co. v. Pecos Mercantile Co.,* 122 F. (2d) 143; *Telluride Power Co. v. Williams,* 164 F. (2d) 685; *Provo River Water Ass'n v. Carlson,* 103 Utah 93, 133 P. (2d) 777; 20 Am. Jur., Evidence, §892, p. 751; 32 C.J.S., Evidence, §545, p. 288. The daughter's testimony was that the land, in her opinion, was worth $45,000. Obviously the jury paid no attention to either the opinion of the defendants or of their daughter since the jury by its verdict arrived at a figure far lower than the obviously excessive and exaggerated opinion of these persons. Also if testimony is cumulative — and in this instance the testimony of the daughter was cumulative to that of her father and mother — it is not a ground for reversal even if improperly admitted. *Moynahan v. Perkins,* 36 Colo. 481, 85 Pac. 1132. Of similar effect is the rule that admission of incompetent evidence which cannot have influenced the jury does not require reversal. *McQueary v. People,* 48 Colo. 214, 110 Pac. 210; 21 Ann. Cas. 560.

◼ The next question is whether there was any evidence to support the verdict. The District in its summary of argument does not cite as error the admission of the testimony of any of the other witnesses. Although the record shows that objection was made in the trial court to the qualifications of two neighbor-witnesses, the objections were not renewed after further attempts to qualify the witnesses. Their testimony was allowed to stand. "A sufficient qualification is usually declared to exist where the witness is a resident, landowner, or farmer *in the neighborhood.*" Wigmore on Evidence (2d ed.) §714; Orgel on Valuation, vol. 1, §132. One of these witnesses, a neighbor and owner of an adjoining property similar in character, testified that in his opinion his

own land was worth $5,000 an acre. As was stated the condemned land was in excess of four acres, and, therefore, according to this witness, would have been valued by him at more than $20,000. The jury verdict was well under this estimate.

■ One of the expert witnesses appearing for the District, who gave on direct evidence his opinion that the land was worth $7,575, on cross examination testified that property similar to this and in the general area had been subdivided into building sites. Another expert called by the property owners testified that the property was suitable for two-family dwellings under the R-2 zoning which the property carried. The property had an area large enough for fourteen to sixteen sites. There was further testimony that building sites in the area, of smaller dimensions than the property involved, were selling for as high as $1,850 a site, with streets, sidewalks, curbings and sewers installed. A figure of approximately $1,000 per building site for the subject property without streets, curbs, walks and like improvements is not unrealistic. Evidence introduced showed that a four-room frame house on the property was valued at from $1,200 to $2,000. As this court said in *Denver v. Minshall,* 109 Colo. 31, 121 P. (2d) 667:

" * * * Given the elements which make up market value a jury could reach its own conclusions therefrom though no witness fixed a figure. * * * "

The jury was properly instructed that they are not bound by the testimony of the experts and that just as far as the testimony appeals to their judgment it should be adopted.

In addition the jury viewed the premises. As to this procedure, this court commented in *Denver Co. v. Howe,* 49 Colo. 256, 112 Pac. 779:

" * * * The jury viewed the premises and were better able to judge of the number of acres in each, *as well as other conditions affecting the land.* The facts ascertained by the view of the premises are not in the record, wheth-

er they were regarded as so much additional evidence, or were used to better understand and apply the evidence adduced at the trial. * * * " (Emphasis supplied.)

 On the point that the defendants made prejudicial remarks to the jury when not responding to any question asked of them and that they volunteered a number of statements, the record shows that the court admonished the witnesses, cautioned the jury, ordered the remarks stricken, and sustained counsel's objections thereto. All of these actions by the court seem to have satisfied counsel for at no stage did he move the court for a mistrial. If counsel, claiming prejudice, does not object then and there to continuing the case before the jury, he cannot await the outcome of the trial and then cite the offensive remarks as grounds for reversal.

The verdict being supported by competent evidence in the record and the reasonable inferences to be drawn therefrom which a prudent jury of freeholders could evaluate, and it not appearing to be excessive, the judgment is affirmed.