No. 19,025.

TINA VAN HISE *v.* FRANK TRINO, ET AL.
(352 P. [2d] 284)

Decided May 23, 1960.

Miss RUTH S. HUNT, Mr. STUART B. ST. GERMAIN, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE SUTTON delivered the opinion of the Court.

MRS. VAN HISE (hereinafter called Van Hise) in 1956 erected a carport on her property. The roof of this carport was sloped so that water running off of it would flow onto the Trino property next door.

In November of 1957 the Trinos filed the instant action in the Superior Court of the City and County of Denver, praying for $350.00, damages allegedly sustained as a result of this water having run into the Trino basement.

Trial was had to the court, which entered its judgment against Van Hise and in favor of the Trinos for $305.84.

Van Hise urges that the trial court committed two prejudicial errors:

1. The court refused to permit counsel for Van Hise to cross examine her on matters covered in direct examination after she had been called as an adverse witness under the provisions of Rule 43 (b) R.C.P. Colo., and

2. The evidence of damages consisted solely of self serving statements, unsupported by any bills or receipts, and was thus insufficient to support the damages awarded by the trial court:

The pertinent language of Rule 43 (b) follows:

"SCOPE OF EXAMINATION AND CROSS-EXAMINATION. A party may interrogate any unwilling or hostile witness by leading questions. A party may call an adverse party * * *, and interrogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse party, and the witness thus called may be contradicted and impeached by or on behalf of the adverse party also, *and may be cross-examined by the adverse party only upon the subject matter of his examination in chief.*" (Emphasis supplied.)

While we agree that under the provisions of this rule counsel (see Moore's Federal Practice, Second Edition, Vol. 5, Rule 43 (b), Par. 43.10, page 1347, and Cyclopedia of Federal Procedure, Third Edition, Volume 8, §26.186, page 226) should have been permitted to cross-examine Van Hise upon the subject matter of the examination in chief, a review of the evidence, including subsequent testimony of Van Hise when she was called as a witness in her own behalf, indicates that such infor-

mation as she was able to convey pertinent to the issues presented was fully before the court. The action of the trial court was therefore not prejudicial and should not result in a reversal since there is sufficient proper evidence to sustain the judgment.

█ A review of the evidence pertaining to damages also indicates that it was adequate to support the judgment. This evidence consists mainly of the testimony of Mrs. Trino as to specific amounts that she had paid for repairs of her home, supplemented to some extent by the testimony of the contractor who performed the major repairs. All such evidence was received without objection from opposing counsel, who now assert that it was not the "best evidence" of damages incurred and that it was "self serving." Even if this testimony had been improper, which we do not determine here, it is fundamental that objection to evidence must be made when it is offered. If counsel, claiming prejudice, does not object at such time, he cannot await the outcome of the trial and then cite the alleged errors as grounds for reversal. See *Baker Metropolitan Water and Sanitation District v. Baca* (1958), 138 Colo. 239, 331 P. (2d) 511, *Bennet v. North Colo. Springs Land and Improvement Co.* (1897), 23 Colo. 470, 48 Pac. 812, 58 Am. St. Rep. 281, *Cowell v. Colorado Springs Co.* (1876), 3 Colo. 82, Affd. 100 U. S. 55, 25 L. Ed. 547.

The judgment is affirmed.

MR. JUSTICE HALL not participating.