No. 22177.

HAROLD C. ADLER, D/B/A ADLER CONSTRUCTION COMPANY,
AND VERA L. ADLER v. JOHN ADLER, CONSERVATOR FOR THE
ESTATE OF MARY ADLER, A MENTAL INCOMPETENT.
(445 P.2d 906)

Decided October 21, 1968.

146

CROSS & CHRISTIANSEN, WARREN H. PRICE, for plaintiffs in error.

WORMWOOD, WOLVINGTON, RENNER and DOSH, RICHARD W. LAUGESEN, JR., for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

THE plaintiffs in error, Harold C. Adler, d/b/a Adler Construction Company, and Vera L. Adler (all collectively referred to hereinafter as plaintiffs in error) bring this writ of error to a judgment entered against them for unpaid installments due upon a promissory note. John Adler, Conservator for the Estate of Mary Adler, was the successful plaintiff below, and will be referred to either as defendant in error or by name.

This writ of error involves two promissory notes, which will hereinafter be designated as the original note and the second note. Plaintiffs in error concede the execution of the original note, on which the suit was brought. Thus the primary issue decided by the trial court on a second trial after a motion for a new trial was granted, was whether Mary Adler, the holder of the original note, accepted the second note as a substitute for or in place of the original note. Finding that she did not, the trial court entered judgment on the original note.

Plaintiffs in error set out numerous alleged errors in their briefs. All of them, however, may be consolidated into contentions (a) that the trial court's findings were contrary to the evidence; (b) that the trial court erred in receiving certain documents in evidence; (c) that John Adler had not proven his capacity to bring the suit; and (d) that the court erred in calculating the amount due on the original note.

I.

 We consider first the argument that the trial court's findings were contrary to the evidence. At the outset, we note that this was a trial to the court sitting without a jury. We have repeatedly held that in such circumstances the finding of the trial court, if supported by the evidence, will not be disturbed by this Court even though we might have reached a different conclusion had we been the trier of the facts. Moreover, it is also our duty in such cases to search the record for evidence most favorable to the judgment of the trial court.

Keeping in mind the legal maxims we have just stated, we now proceed with a review of the record. John Adler, as conservator for the estate of Mary Adler, brought suit against plaintiffs in error on a noninterest bearing note for $72,000. It provided for quarterly installment payments of $1,200, and contained a clause forgiving any balance due at the death of the named

payees, Henry J. Adler and Mary Adler. After the death of Henry J. Adler in 1954, Harold and Vera Adler executed a second note, which recited the balance of $58,000 due on the original note, and mailed it to Harold's mother, Mary Adler. The second note contained a similar forgiveness clause, but reduced the quarterly payments to $600. Thus, the effect of the second note, if paid according to its terms, would increase the amount, if any, which would be forgiven at the time of Mary Adler's death. Plaintiffs in error attempted at trial to establish an executory accord by proving that Mary Adler accepted the second note as a substitute for the original note, and also to prove that several payments totaling $1,773.03 were intended as credits against the principal debt. The trial court found to the contrary on both points.

Harold Adler testified at the trial that he mailed the second note to Mary Adler in July of 1954. There is, however, no evidence in the record to show that she received and accepted the second note as a substitute for the original note. The record reveals that for about three years after the execution of the second note, plaintiffs in error continued to pay in accordance with the terms of the original note; that in a letter to his mother dated December 6, 1956, Harold Adler apologizes for late quarterly payments of $1,200; and that neither the original note nor the Last Will and Testament of Henry J. Adler indicate that the installments should be reduced on his death. The evidence just recited contradicts Harold Adler's testimony that he and his mother, at her suggestion, agreed to substitute a second note for the original, reducing the payment schedule.

The credibility of the sole witness, Harold Adler, the sufficiency, probative effect and weight of all the evidence, including the documentary evidence, and the inferences and conclusions to be drawn therefrom were all within the province of the trial court, whose conclusions will not be disturbed on review unless

so clearly erroneous as to find no support in the record. See *Gonzales v. Chinn,* 121 Colo. 126, 214 P.2d 371. Where Harold Adler's letters to his mother contained statements not in harmony with his testimony at the trial, and where payments were made by him in accordance with the terms of the first note for several years after the purported agreement with respect to the second note, it was well within the competence of the trial court to draw inferences and reach conclusions which differed from the import of Adler's oral testimony at the trial.

The trial court also found the evidence of the plaintiffs in error insufficient to prove that several payments aggregating $1,773.03 were intended as credits against the principal debt. On this question of fact, we find nothing in the record to justify disturbing the findings of the trial court.

## II.

Plaintiffs in error contend also that the trial court committed reversible error in receiving two documents in evidence. We do not agree. They argue first that the trial court could not properly enter judgment on a mere copy of a promissory note, without first requiring its proponents to explain the absence of the original. The obligation evidenced by the copy has been conceded by counsel for plaintiffs in error both in his pleadings and in his argument before this Court. Moreover, the copy was received in evidence without objection. Unless a contemporaneous objection is made to evidence when it is offered, the alleged error will not be reviewed by this Court. *Van Hise v. Trino,* 143 Colo. 179, 352 P.2d 284.

An objection was made to the introduction in evidence of the "Last Will and Testament of H. J. Adler." The question of Mary Adler's succession to the interest of her husband was never really in issue in this case. Harold Adler, in his answer to the original complaint and in the first trial on this matter, admitted this fact. He never seriously contended that his mother did not

succeed to his father's rights in the notes and, in fact, the second note which he contended he had delivered to his mother was made out by him in the name of his mother for the full amount due on the note. His testimony in the second trial that he owed his mother the full amount of the note but only at the rate of $600 a quarter rather than $1,200 a quarter constituted an admission that she was the owner of the note. The error therefore, if any, in the admission of the Last Will and Testament of H. J. Adler was nonprejudicial to the position taken by Harold Adler and does not constitute reversible error.

### III.

Plaintiffs in error contend further that the court erred in granting judgment to John Adler without first requiring proof that he was the duly appointed conservator of her estate. We note that this argument is raised for the first time on appeal, and therefore this Court need not review it. In passing, however, we note that R.C.P. Colo. 9(a)(1) provides that it is unnecessary to aver in the pleadings the authority of a party to sue in a representative manner. According to the terms of the Rule, if a party desires to raise an issue as to the authority of a party to sue in a representative manner, he must do so by specific negative averment. Since the pleadings of the plaintiffs in error do not contain the negative averment, the issue was never before the trial court, and the objection was waived.

### IV.

The plaintiffs in error contend finally that, even if judgment should have been entered on the original note, the amount due was miscalculated. That point is conceded by the defendant in error, but the respective parties disagree as to the correct computation. If the basis for modification of the judgment appears in the record, this Court will correct the error and enter a modified judgment. *Finance Acceptance Company v.*

*Breaux,* 160 Colo. 510, 419 P.2d 955, and *Dubois v. Bowles,* 55 Colo. 312, 134 P. 112.

The note on which judgment was entered by the trial court was executed September 27, 1951. It required two installments of $1,200 each on November 25, 1951, and on January 25, 1952. Thereafter, installments of $1,200 were required on or before the 25th day of the first month of each calendar quarter. Judgment was entered on October 15, 1965, ten days before the last 1965 quarterly installment became due. Thus at the entry of judgment, 56 installments were due, totaling $67,200. The schedule received in evidence shows payments totaling $33,720, leaving a balance due of $33,480, instead of $35,280, which was the amount of the judgment entered by the trial court.

Defendant in error cites authority for the proposition that payment should be accelerated, despite the absence of an acceleration clause in the note, to avoid the necessity for frequent litigation. Assuming, *arguendo,* the validity of the proposition, we find that it is inapplicable to the instant case. The note sued on here expressly provides that any balance due at the death of the payee shall be forgiven. An acceleration of all installments would in effect write this provision out of the note.

The judgment entered by the trial court is modified and reduced to a judgment in the amount of $33,480 and costs, and as so modified and reduced, the judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE HODGES and MR. JUSTICE KELLEY concur.