501 P.2d 753 (1972)
Ritchie ROSE, Plaintiff-Appellee,
v.
Kenneth A. HELM, also known as A. K. Helm, and Wilma L. Helm, Defendants-Appellants.
No. 71-433.
Colorado Court of Appeals, Div. I.
August 1, 1972.
Rehearing Denied August 22, 1972.
Certiorari Denied October 24, 1972.
*754 Anthony V. Zarlengo, Denver, for plaintiff-appellee.
Frickey, Cairns & Wylder, P. C., Earl S. Wylder, Denver, for defendants-appellants.
Not Selected for Official Publication.
COYTE, Judge.
This is an action for damages resulting from an alleged breach of express warranty. The court after trial without a jury entered judgment for the plaintiff. Defendants appeal.
Pursuant to a written agreement, the plaintiff purchased defendants' A & W Drive-In business together with its equipment, and leased the land on which it stood from the defendants. In the agreement the defendants warranted that the equipment, which included a building with a canopy, was in good operating condition. The canopy collapsed approximately one year later after a heavy snowfall. Plaintiff sought damages for the replacement of the canopy, for loss of income during its reconstruction, and for repair and replacement of various other items of equipment. Though the court found that plaintiff had failed to sustain his burden of proof as to lost income and repair and replacement of the other equipment, it found that the canopy, which was erected under defendants' direction in 1960, collapsed because of its *755 defective construction. Plaintiff was awarded damages of $6,492. We modify and affirm the judgment as so modified.
Defendants contend that the court erred in denying their motion to dismiss on the grounds that the complaint, alleging breach of an express warranty in contract, failed to allege that conditions precedent had been met. The complaint alleged the sale and purchase under the agreement, which agreement was incorporated into the complaint, and alleged collapse of the canopy due to defective construction. The defendants unconditionally warranted that the equipment was in good operating condition at the time of the sale. An existing structural defect would be a breach of that warranty. No further pleadings in that regard were required.
Defendants further assert that the evidence did not support the findings of the trial court on the issues of liability and damages. Defendants admitted in their responsive pleading and agreed in the pretrial order that the warranty applied to the canopy and no one asserted any time limitation on the warranty. An expert witness testified that the canopy collapsed because some braces of the structure had been improperly welded when the canopy was constructed. Plaintiff testified as to the necessity of the repair and the court found that the collapse was due to the faulty construction of the canopy. Other expert witnesses testified to the costs of repairing and replacing the canopy. Where, as here, there is evidence to support the findings of the trial court, such findings will not be disturbed on review. Whatley v. Wood, 157 Colo. 552, 404 P.2d 537.
In assessing plaintiff's damages, the value of the canopy was determined to be equal to 50% of the total cost. To that total the court added the cost of removing the collapsed canopy. Under the Uniform Commercial Code the usual measure of damages for breach of warranty is the difference, at the time and place of acceptance, between the value of the goods accepted and the value they would have had had they been as warranted. However, this method is not exclusive where, as here, the special circumstances show proximate damages of a different amount. C. R.S. 1963, XXX-X-XXX. Consequential damages proximately resulting from the breach may also be recovered. C.R.S. 1963, XXX-X-XXX(2). The remedies provided in the Uniform Commercial Code are to be liberally administered so as to put the aggrieved party in as good a position as if the other party had fully performed. C.R. S. 1963, XXX-X-XXX. The method used by the trial court granted plaintiff the value of a used canopy and was reasonable under the circumstances.
The plaintiff concedes that there was a mathematical error in the computation of damages. In the composite figure for replacing the canopy which the court used to compute damages, there was included the cost of painting in the amount of $600. However, this amount was also itemized and included elsewhere in determining the value of the used canopy. Thus, this amount was included twice, and the damages should therefore be reduced by $300 (50% of the $600 duplication) to $6,192. Where the basis for modification appears in the record, this court will correct the error and enter a modified judgment. Adler v. Adler, 167 Colo. 145, 445 P.2d 906.
Other alleged errors claimed by defendants are without merit.
The judgment is modified and reduced to $6,192 and costs, and, as so modified and reduced, the judgment is affirmed.
DWYER and SMITH, JJ., concur.