506 P.2d 751 (1972)
W. L. HOUSER, Plaintiff-Appellee,
v.
Wilbert ECKHARDT, Defendant-Appellant.
No. 71-295.
Colorado Court of Appeals, Div. I.
November 21, 1972.
Rehearing Denied December 27, 1972.
Certiorari Denied March 12, 1973.
*753 March, March & Sullivan, John-David Sullivan, Fort Collins, for plaintiff-appellee.
Godfrey Nordmark, Warberg & Mast, Sonja E. Warberg, D. Chet Mast, Fort Collins, for defendant-appellant.
Not Selected for Official Publication.
*754 ENOCH, Judge.
This is a personal injury case resulting from a rear-end collision. Defendant-appellant Wilbert Eckhardt, alleges seven points of error in a trial to a jury which awarded plaintiff-appellee, W. L. Houser, a recovery of $63,000. We affirm the judgment.
This case comes to us after a third trial of the issues. The first trial resulted in a judgment for defendant but was reversed by the Supreme Court in Houser v. Eckhardt, 168 Colo. 226, 450 P.2d 664. In the second trial the jury returned a verdict for plaintiff, but a motion for a new trial was granted on the ground that a juror had falsely answered questions during voir dire examination.
The facts relative to the accident itself are omitted as they are not material to a determination of the issues present in this appeal, and they are fully set forth in Houser v. Eckhardt, supra.

I
Defendant's first allegation on appeal is that plaintiff's counsel did not examine the jury panel in good faith concerning the matter of insurance. Eckhardt had personal liability coverage, and his counsel were retained by his insurer, Security Insurance Group of Hartford.
It is established law that voir dire may be used to discover any prospective juror's relationship to the defendant's insurance company. Mayer v. Sampson, 157 Colo. 278, 402 P.2d 185; DeMott v. Smith, 29 Colo.App. 531, 486 P.2d 451. The Mayer case also holds that the conduct of counsel in relation to the remarks made to or questions asked of the jury is fully within the sound discretion of the trial court, and that discretion will not be interfered with on review, in the absence of a showing of clear abuse.
Defendant's contention is that the plaintiff was allowed to question, in bad faith, the jury panel as to possible interests in eight or ten other insurance companies. Defendant alleges that the purpose of the questions was not to discover the interest of the jurors, if any, in the insurance companies, but was solely for the purpose of injecting the element of insurance into the trial, and further that the manner in which it was done was an over emphasis of insurance and prejudicial to defendant. There was a dispute as to whether all of the other carriers were connected with Security Insurance Group, and if so to what extent. Several Colorado cases which deal with the problem of defendant's insurance coverage mentioned during voir dire discuss the phrasing of counsel's questions in terms of defendant's specific carrier. See Edwards v. Quackenbush, 112 Colo. 337, 149 P.2d 809; Potts v. Bird, 93 Colo. 547, 27 P.2d 745; Tatarsky v. Smith, 78 Colo. 491, 242 P. 971; Cripple Creek Mining Co. v. Brabant, 37 Colo. 423, 87 P. 794.
Where a defendant is insured by only one known company it would not be proper for plaintiff's counsel, during voir dire, to name totally unrelated insurance carriers. In the case at hand, however, the defendant's insurance carrier was not a single, isolated company, and plaintiff's counsel had good cause to believe that there were several interrelated companies in the group.
Plaintiff should be allowed to uncover any interest which a prospective juror might have in the parent company or in any of its subsidiary companies.
Johns v. Shinall, 103 Colo. 381, 86 P.2d 605, holds that counsel may "interrogate prospective jurors . . . as to their connection with or interest in insurance companies, . . ." See also Liber v. Flor, 160 Colo. 7, 415 P.2d 332. On the basis of this language in Johns, coupled with the rule in Mayer, supra, that counsel's conduct during voir dire of the jury is in the discretionary hands of the trial judge, we hold that the mention of two or more insurance companies by specific name is not prejudicial per se. Whether it is prejudicial or not is a discretionary decision for the trial court to make. This decision *755 should be based not only upon the evidence before the court, which is reflected in the record on appeal, but also should be based upon the intangible elements of good or bad faith and demeanor of counsel which can best be observed and evaluated by the trial court.
The trial court, while overruling defendant's objection, advised plaintiff to proceed in his voir dire with caution. Upon review of the record there is evidence that plaintiff's counsel did proceed in good faith and that the trial court did not abuse its discretion. The defendant's contention on appeal is thus without merit.

II
Defendant next claims that testimony regarding unrelated medical problems was not presented by plaintiff in good faith and could only prejudice the jury in favor of the plaintiff. We do not agree.
The record indicates that Houser had many physical problems subsequent to the accident, and, that although not caused by the accident, those problems often were treated, if only coincidentally, at the same time and by the same physician who treated the accident-related injury. Plaintiff's case did indeed bring out testimony regarding these other medical problems, but all this testimony occurred after defendant, and not plaintiff, had identified these ailments to the jury during his opening statement. The defendant having injected these matters into the case cannot later object to testimony relating thereto. See Noble v. Faull, 26 Colo. 467, 58 P. 681.
Even had defendant not initiated the presentation of the unrelated medical problems to the jury, he is now estopped from alleging error to their introduction since he made no timely objection during trial. Morris v. Everly, 19 Colo. 529, 36 P. 150. For reasons of trial tactics or strategy counsel may elect not to object. That is his privilege, but "he cannot await the outcome of the trial and then cite the alleged errors as grounds for reversal." Van Hise v. Trino, 143 Colo. 179, 352 P.2d 284. "Unless a contemporaneous objection is made to evidence when it is offered, the alleged error will not be reviewed. . . ." Adler v. Adler, 167 Colo. 145, 445 P.2d 906.
Defendant did make an objection during testimony relating to plaintiff's other medical problems; however, the objection went specifically to the testimony concerning the type of pain flowing from the unrelated injury and not to the testimony that the unrelated injury did in fact occur. It is law of long standing that only objections that are "definite and specific" will be reviewed on appeal. State Insurance Co. v. DuBois, 7 Colo.App. 214, 44 P. 756. If an objection is made without a "sufficient reason therefor" being assigned to it, the objection cannot be considered by the reviewing court. King Solomon Tunnel and Development Co. v. Mary Verna Mining Co., 22 Colo.App. 528, 127 P. 129. At the time the questions were asked, defendant did not make any objections as to the specific questions or answers relative to the occurrence of these questioned ailments. The record does not indicate any bad faith on the part of plaintiff's counsel in the questioning of plaintiff about these unrelated medical problems. All of these matters were referred to by plaintiff's doctor in his deposition which was read to the jury prior to plaintiff's testimony, and defendant made no objection at that time. It is clear that at no time did plaintiff attempt to persuade the jury that the unrelated injuries and ills were proximately or even indirectly due to the accident under litigation. In fact, to the contrary, both judge and counsel informed the jury that no claim was being made for these unrelated medical problems and that only evidence relating to the accident and Houser's lower back injury was to be considered by the jury.

III
Defendant further claims that the court erred in admitting certain of plaintiff's *756 exhibits in that the doctor bills, hospital bills, and other medical bills contained therein intermingled charges for other medical problems. Defendant contends that the bills were confusing to the jury and that this confusion could only prejudice the jury in favor of the plaintiff.
On examination of the exhibits and the record it is apparent that the bills were identified clearly by the plaintiff and the unrelated charges were marked as such. No undue prejudice could result from these exhibits.

IV
Defendant complains that plaintiff did not comply with the court's order for production. Specifically in issue are myelogram studies taken in 1966 and a medical report, with X-rays, resulting from an examination of plaintiff by his doctor a few days before trial.
There was doubt on both sides as to the location of the myelogram studies, but the myelogram report was produced for the defendant's doctor to study, and he indicated that the report was sufficient. The report of the medical examination by plaintiff's doctor was not typewritten nor delivered to opposing counsel before the trial; however, it was offered to defendant in xeroxed form prior to direct examination. Had the report been lengthy or different in content from previous reports, defendant's claim would carry some weight. However, since the report was but a single page, and was not different in substance from the same doctor's previous report, no reversible error was committed. The X-rays taken during the examination a few days before trial were delivered by the plaintiff to the defendant's examining doctor for evaluation. Defendant cannot claim surprise on this matter. The record indicates there was substantial compliance with the court's order for production.

V
Defendant further alleges that it was error for the court to allow plaintiff to speculate as to his "loss of time" in reference to the measure of damages for loss of income. Defendant admits, however, that "loss of wages" or "loss of earnings" are compensable items in personal injury cases. At the conclusion of the evidence defendant moved that plaintiff's claim for damages for loss of time be stricken from the complaint on the basis that loss of time was not compensable and that it should not be considered by the jury. The motion was denied.
The general underlying principle in negligence cases is that "whoever unlawfully injures another shall make him whole." Bullerdick v. Pritchard, 90 Colo. 272, 8 P.2d 705. Relief cannot be defeated for failure to show exact amount of damages. Richner v. Plateau Live Stock Co., 44 Colo. 302, 98 P. 178; Irish v. Mountain States Telephone and Telegraph Co., Colo. App., 500 P.2d 151. The rule which disallows speculation as to damages and requires the element of certainty applies only to situations where the fact of damages is uncertain, not where the amount of damages is uncertain. Peterson v. Colorado Potato Flake and Manufacturing Co., 164 Colo. 304, 435 P.2d 237. "An approximation is sufficient if there is substantial evidence which, together with the reasonable inferences to be drawn therefrom, provides a reasonable basis of computation." Brown v. Alkire, 10th Cir., 295 F.2d 411. Within these guide lines the amount of damages is to be determined by the trier of facts. Hyman and Co. v. Velsicol Corp., 123 Colo. 563, 233 P.2d 977.
"Lost time" which is a result of the injury complained of may be considered in determining the loss of earnings from personal service. Franklin v. Templeton, 163 Colo. 48, 428 P.2d 361; Ford Motor Co. v. Conrardy, 29 Colo.App. 577, 488 P.2d 219. In Conrardy, we held that a self-employed rancher was entitled to recover for the loss of time from his occupation which resulted from the injuries he had sustained.
*757 Houser introduced substantial evidence as to his past earnings before the accident, his earnings after the accident, and his projected future earnings after the trial. He approximated the loss of time from his self-employed, one-man air-conditioning business, and he testified as to the amount per hour that he charged his customers. Loss of time was a proper element of plaintiff's damages, and in view of the evidence presented in support thereof, the court did not err in denying defendant's motion to strike this claim from the complaint.

VI
Defendant complains that the jury was improperly instructed. The fundamental error alleged was the giving of an instruction dealing with aggravation of a pre-existing condition and apportionment of damages.
Defendant contends that the testimony during trial concerning kidney stones, ganglia, stripped leg veins, and a mashed testicle did not relate to any pre-existing condition since the symptoms of those medical problems appeared after the accident. From a review of the record, however, it is apparent that the court gave the instruction on pre-existing condition and apportionment in order to cover the testimony found at various stages throughout the trial concerning the possible pre-existence of a degenerative or "thinned-out" spinal disc, not the testimony concerning Houser's subsequent injuries and ills listed above.
Defendant asserts that other instructions were either erroneously included or omitted. It is a basic rule that it is unnecessary to include all of the law in one instruction and that all of the instructions must be read together. Kirk v. Himes, 170 Colo. 378, 461 P.2d 444; Fox v. Martens, 132 Colo. 208, 286 P.2d 628. In the light of the above rule and the evidence in the record, we conclude that no reversible error was committed. All of the instructions taken as a whole fairly and accurately set forth the law of the case.

VII
Defendant's seventh point of error is that the award of $63,000 is excessive and cannot be supported by the evidence. His sole argument is that the alleged preceding six points of error render erroneous the finding of the jury as to the award. Since we hold that defendant's appeal is without merit on the above six points, this seventh point must also be rejected.
To grant a new trial on the basis of excessive damages, the verdict clearly must be grossly excessive so as to indicate that the jury, in arriving at the verdict, was influenced by factors other than the presented evidence. Riss and Company, Inc., v. Anderson, 108 Colo. 78, 114 P. 2d 278; DeMott v. Smith, supra. We find nothing in the record that such factors were present.
Judgment affirmed.
SILVERSTEIN, C. J., and DWYER, J., concur.