507 P.2d 1115 (1973)
Joseph B. GOULD, Plaintiff in Error,
v.
PARAMOUNT THEATRE CORPORATION, Defendant in Error.
No. 72-302. (Supreme Court No. 23156)
Colorado Court of Appeals, Div. I.
March 13, 1973.
*1116 Creamer & Creamer, Richard T. Paynter, Jr., Denver, for plaintiff in error.
Wesley Miller, Edward Miller, Denver, Stinson, Mag, Thompson, McEvers & Fizzell, Kansas City, Mo., for defendant in error.
Not Selected for Official Publication.
ENOCH, Judge.
This case, transferred from the Supreme Court pursuant to statute, involves the interpretation of the rights of the parties under two separate leases. Joseph B. Gould, plaintiff-in error, is the owner of the Kittredge and the Paramount Theater buildings, which are adjacent structures located in downtown Denver. Paramount Theater Corporation, defendant-in-error, as tenant, occupies the theater building and a portion of the ground floor of the Kittredge Building which serves as the entrance and part of the lobby for the theater building.
In his first claim for relief Gould asserts that Paramount is selling refreshments in the theater building in violation of its lease covering that building, hereinafter referred to as the building lease. In his second claim for relief Gould contends that Paramount is occupying a portion of the second floor of the Kittredge Building in violation of the lease covering the entrance lobby, hereinafter referred to as the entrance lease. Trial was to the court sitting without a jury. At the conclusion of Gould's evidence Paramount moved to dismiss both claims for relief. The first claim was dismissed at that time. The court took the second claim under advisement and later granted the motion to dismiss at the conclusion of Paramount's evidence. Gould appeals from the judgment dismissing both claims. We affirm.

I.
The current building lease is dated August 31, 1948, and is for a term from April 1, 1952, to February 29, 2028. Neither Gould nor Paramount were the original parties to this lease. Gould acquired the theater building in 1956 and in 1957 obtained an assignment of the building lease.
It is undisputed that Paramount has vending machines in the lobby of the theater building which dispense sandwiches, drinks, candy and similar food items. There is evidence that vending machines have been located in this area at least since 1952. In 1962 Gould made a claim against Paramount for a percentage of the gross receipts from the sale of these refreshments. The claim was rejected, and this suit was filed the same year. Gould seeks damages for breach of the building lease and for an injunction prohibiting Paramount from selling or dispensing refreshments in the theater building.
The building lease has no provision for the payment of percentage rent in connection *1117 with the sale of refreshments. The lease does provide for an annual rental of sixty-four thousand dollars and an additional percentage rent of twelve per cent of gross receipts exceeding five-hundred thousand dollars annually. The critical portion of the lease in this regard is the definition of "gross receipts" which reads as follows:
"The term `gross receipts' as used herein is hereby defined to mean gross box office receipts of the theater whether received at the theater or elsewhere;.... Such terms shall not include receipts derived from subletting parts of the building not used for theater purposes or receipts derived from the sale of candy in the theater, or from weighing machines, wash room receipts or receipts from coin operated telephones...."
Gould contends that the sale of food products in the theater building is prohibited under the terms of the lease, or if permitted, such sales are subject to the twelve percentage rental. Gould further contends that the sale of refreshments is allowed only in the entrance lobby which is located within the Kittredge Building. In our consideration of Gould's contentions we are guided by the well established rule that on review of a judgment of the trial court sitting without a jury, the appellate court has a duty to search the record for evidence most favorable to the judgment of the trial court, and if supported by competent evidence the judgment will not be disturbed. Adler v. Adler, 167 Colo. 145, 445 P.2d 906.
There have been a series of separate leases for the entrance lobby in the Kittredge Building dating back to 1929 when the theater building was constructed. The two buildings have not always had common ownership. Leases on the buildings relative to the theater operation have been separate and independent in terms, and they have been executed at various times between different parties. The current entrance lease is dated December 22, 1953, and the extension and amendment of that lease is dated April 1, 1957.
The entrance lease and its extensions were executed by Martha Merkel as landlord and by Paramount as tenant. The record indicates that for all practical purposes Gould is the alter ego of Martha Merkel. Gould and his brother acquired ownership of the Kittredge Building in 1952, and sold the building in 1955 subject to the entrance lease. Gould acquired sole ownership of the building in November 1961. Under the terms of the entrance lease, Paramount paid a fixed rental plus a percentage of the receipts from the sale of refreshments in the entrance lobby. Over a period of time Paramount has remodeled the entrance lobby and has increased the food dispensing facilities. One of the major amendments to the 1953 lease, contained in the extension agreement provides for an increase in the fixed monthly rental and an elimination of all percentage payments on refreshment sales.
It is clear from the record that refreshments have been sold in both buildings since at least 1952 and that Gould has benefited from the sales made in the entrance lobby since acquiring his ownership interest at that time. He did not assert any claim to a percentage of the sales in the theater building until 1962, some five years after acquiring the assignment of the building lease. Although there is some ambiguity in that lease concerning the sale of refreshments other than candy, there is ample evidence to support the trial court's conclusion that Gould has no valid claim to a percentage of the sales from refreshments in the theater building and that Gould is not entitled to an injunction prohibiting such sales by Paramount.
The payment terms in the building lease quoted above specifically limit gross receipts to gross box office receipts. In a similar case decided by the Court of Appeals of Kentucky, it was determined that a percentage of gross receipts included the sale of theater admission tickets but did not include the proceeds received from a *1118 confectioner's stand in the lobby. Taylor v. Rosenthal, 308 Ky. 4, 213 S.W.2d 435. The intent of the parties that the sale of food items other than candy was also excluded from the percentage payment is evidenced by several factors. Gould had acquiesced to such sales until 1962. In 1957 while also owner of the Paramount Building, Gould agreed to the amendment of the Kittredge Building entrance lease wherein he agreed to accept a fixed rental in lieu of a percentage rent on concessions.
Gould concedes that the dispensing of refreshment items had become an important element in a successful theater operation. In this light it is noted that Paramount is under an obligation under the terms of the building lease to operate and conduct its business ". . . in an efficient and up-to-date manner and on the same basis and consistent with its general practice in operating other comparable businesses wherever situated." A successful theater operation is clearly in Gould's best interest since he receives twelve per cent of the box office receipts over five-hundred thousand dollars. We find no error in the trial court's dismissal of the first claim for relief.

II.
We turn now to Gould's second claim for relief which sets forth the allegation that Paramount is using part of the second floor of the Kittredge Building in violation of the entrance lease and its extension. Those leases define a certain area of the ground floor as an entrance to the theater building. The evidence shows that the entranceway does not have a uniform ceiling height. The access to the balcony of the theater is by means of a stairway commencing in the entranceway of the Kittredge Building. In order to provide space for such a stairway to the balcony level the ceiling of the ground floor of the Kittredge Building is higher over the upper portion of the stairway and balcony entrance. It would appear that this upper air space could be converted into second floor space by lowering the ceiling structurally and it is this space which Gould alleges is being wrongfully occupied. The existence, however, of the present stairway and balcony entrance predates the interest of both parties, and that entrance arrangement existed at the time Gould participated in the execution of the current entrance lease. Gould claims that he did not discover that Paramount was "occupying a part of the second floor" until 1961 when he was doing some remodeling of office space in other portions of the second floor of the Kittredge Building.
As counsel for Gould stated to the trial court, the resolution of this second claim "is a fact question in light of the lease language." When trial is to the court, as it was in the case at hand, the trial court is the finder of the facts and may make its findings and enter judgment against plaintiff at the close of plaintiff's case. Teodonno v. Bachman, 158 Colo. 1, 404 P.2d 284. The trial court determined from the evidence that the intent of the parties was to include the stairway and balcony entrance in the entrance area covered by the lease. That determination will not be disturbed on review unless so clearly erroneous as to find no support in the record. Adler v. Adler, supra. Such is not the situation in the case at hand.
It is also alleged that the trial court failed to make sufficient findings of fact or conclusions of law under C.R.C.P. 52(a) to substantiate its order of dismissal. We do not agree with this contention. The court's findings resolved in sufficient detail the material and ultimate issues raised in Gould's two claims. This constitutes adequate compliance with the Colorado Rules of Civil Procedure. Rubens v. Pember, 170 Colo. 182, 460 P.2d 803.
Judgment affirmed.
SILVERSTEIN, C. J., and COYTE, J., concur.