**TEAC CORPORATION OF AMERICA,**
Plaintiff-Appellee,

v.

**Martin A. BAUER, Defendant-Appellant.**

No. 82CA1215.

Colorado Court of Appeals,
Div. IV.

Feb. 16, 1984.

Sobol & Sobol, P.C., William H. Short, Larry J. Ziegler, Denver, for plaintiff-appellee.

David A. Senseney, Englewood, for defendant-appellant.

HODGES, Justice.*

Defendant (Bauer) appeals a judgment entered after a trial to the court holding him liable under a personal guarantee for a corporate debt. We affirm.

Plaintiff (Teac) is a manufacturer of audio equipment. Bauer was an officer of A.M.I. Audio Brokers, Inc., (AMI) a retailer of audio equipment whose purchases from Teac were financed by Finance America Private Brands, Inc., (Finance America) under a "commercial floor plan" security agreement. Teac presented evidence that when AMI fell into arrears to Finance America, Teac paid AMI's debt to Finance America in return for assignment of Finance America's rights against AMI. Teac then brought suit against Bauer and others.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3)

and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

Teac offered into evidence a "Guaranty" signed by Bauer and another AMI officer, personally guaranteeing "all sums presently or hereafter owing by [AMI] to [Finance]" and a computer generated statement of account setting forth the balance assigned by Finance America. At the conclusion of the trial, the court determined that Teac had established the assignment by Finance America of its rights against AMI and the guarantors, and entered judgment for Teac.

## I.

On appeal, Bauer first contends that the trial court erred in admitting the computer generated statement of account, because the elements of admissibility for such a hearsay business record were not established in accordance with Colorado Rules of Evidence 803(6). We reject this contention.

Under Colorado Rules of Evidence 803(6), a business record may be admissible even though hearsay if made "at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity...." *See Great West Food Packers, Inc. v. Longmont Foods Co.*, 636 P.2d 1331 (Colo.App. 1981). The reliability of such a record is demonstrated by evidence of its having been made pursuant to established and routine company procedures for the systematic conduct of its business. *Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 505 F.Supp. 1190 (E.D.Pa.1980). Thus, if records prepared by another source are adopted and integrated in the regular course of established business procedures into the records sought to be introduced, such records are admissible. *United States v. Carranco*, 551 F.2d 1197 (10th Cir.1977). Further even if the identity of the person whose first hand knowledge was the basis of a particular entry is not established, such records are admissible. *United States v. Ullrich*, 580 F.2d 765 (5th Cir.1978); 4 *J. Weinstein & M. Berger, Weinstein's Evidence* ¶ 803(6)[04] (1982).

The only evidence of the amount of defendant's indebtedness was the statement of the accountant, which was based in relevant part upon computer generated records supplied by Finance America. However, there was evidence that Teac and Finance America had engaged in approximately 500 similar financing arrangements, that Teac was familiar with and customarily relied upon Finance America's records, that Teac paid Finance America over $88,000 in reliance upon the accuracy of Finance America's data, and that Bauer and the other guarantors did not dispute the amount set forth in the statement of the accountant. There was thus sufficient evidence to support the trial court's admission of that document. It was prepared in the regular course of business under circumstances having ample indicia of trustworthiness. *See Great West Food Packers, Inc. v. Longmont Foods Co., supra,* and *Chateau Chaumont Condominium Ass'n v. Aspen Title Company,* 676 P.2d 1246 (Colo.App.1983).

## II.

Bauer contends in addition that there was insufficient evidence to support the trial court's finding of an assignment to Teac of Finance America's cause of action against Bauer and the other defendants in the trial court. We disagree.

In a trial to the court, the weight, sufficiency, and probative effect of the evidence is a matter for the trial court, and its treatment thereof will not be disturbed on review unless clearly erroneous. *Adler v. Adler,* 167 Colo. 145, 445 P.2d 906 (1968). Here, there was sufficient testimony and documentary evidence of the assignment.

Judgment affirmed.

ENOCH, C.J., and SILVERSTEIN, J.,* concur.